Filed 4/24/15  Billy K. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| BILLY K.,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF TULARE COUNTY,<br><br>    Respondent;<br><br>TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>    Real Party in Interest. | F070919<br><br>(Super. Ct. No. JJV067505C)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT*

ORIGINAL PROCEEDING; petition for extraordinary writ review.  Juliet L. Boccone, Judge.

Billy K., in pro. per., for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

-ooOoo-

---

\*        Before Levy, Acting P.J., Poochigian, J. and Peña, J.

Billy K. (father), in propria persona, seeks an extraordinary writ (Cal. Rules of Court, rules 8.450-8.452 (rules)) to vacate the order of the juvenile court setting a Welfare and Institutions Code section 366.26 hearing[1] as to his two-year-old son Blake. We dismiss the petition.

## STATEMENT OF THE CASE AND FACTS

In December 2013, the Tulare County Health and Human Services Agency (agency) took then 19-month-old Blake and his twin half brothers into protective custody after their mother Natasha was arrested for being under the influence of methamphetamine and child endangerment. At the time, father was incarcerated in a county facility.

The juvenile court exercised its dependency jurisdiction over Blake and his brothers, ordered father and Natasha to participate in reunification services, and set the six-month review hearing for June 2014. The agency placed the children with their maternal great-aunt.

In its report for the six-month review hearing, the agency recommended the juvenile court continue reunification services for Natasha. The agency also recommended the court terminate reunification services for father because he was awaiting a jury trial and was facing a long prison sentence if convicted.

In June 2014, the juvenile court convened the six-month review hearing. Father's attorney informed the court that father was sentenced to 20 years in prison and waived reunification services and all future dependency court appearances. The court terminated father's reunification services and continued services for Natasha until the 12-month review hearing.

---

**1** All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

In January 2015, at the 12-month review hearing, the juvenile court terminated Natasha's reunification services because she had not completed her services plan or made herself available for visitation. The court set a section 366.26 hearing to select a permanent plan for Blake and his brothers, who were reportedly doing well in their great-aunt's care and were emotionally bonded to her. The permanent plan recommended by the agency was adoption by the maternal great-aunt.

This petition ensued.[2]

## DISCUSSION

Father asserts that he does not want his parental rights terminated. Rather, he prefers that Blake remain in a legal guardianship. We conclude that the issue of Blake's permanent placement (i.e. adoption or legal guardianship) is not ripe for our review, as we now explain.

When the juvenile court terminates reunification services, it must set a section 366.26 hearing. (§ 366.21, subd. (g)(4).) At the section 366.26 hearing, the juvenile court must select a permanent plan from three options: adoption, legal guardianship, or long-term foster care, in that order of preference. (§ 366.26, subd. (b).)

The hearing at which the juvenile court sets the section 366.26 hearing is often referred to as the "setting hearing." A parent may, as father did here, file an extraordinary writ petition from the setting hearing. The purpose of the extraordinary writ is to facilitate appellate review of the juvenile court's findings and orders made at the setting hearing. (Cal. Rules of Court, rule 8.450(a).)

Father does not challenge the findings and/or orders made at the setting hearing. Rather, he seeks to avert a court order terminating his parental rights and freeing Blake for adoption. That, however, is a decision the juvenile court makes at the section 366.26 hearing, which has yet to occur. Thus, the issue of adoption is not ripe for our review.

---

[2] Natasha did not file a writ petition.

3

## DISPOSITION

The petition for extraordinary writ is dismissed.  This opinion is final forthwith as to this court.